**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:12-cv-00063-MR-DLH**

| | | |
|---|---|---|
| CHRIS MATTAROLLO and TINA MATTAROLLO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **O R D E R** |
| BRANCH BANKING AND TRUST CO. and PAM MURAS, | ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiffs' Notice of Bankruptcy Stay [Doc. 34].

The Plaintiffs have filed a notice with the Court indicating that they have filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. [Doc. 34]. The automatic stay provisions of 11 U.S.C. § 362 prevent the Bank from proceeding on its counterclaim against the Plaintiffs. It is well-settled that "[w]hen litigation is pending against the debtor at the time a bankruptcy case is commenced, the litigation is stayed automatically." 3 Collier on Bankruptcy ¶ 362.03[3] (16th ed. 2012); see

1

also 11 U.S.C. § 362(a)(1) (providing that a bankruptcy petition operates as an automatic stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor"). While the Plaintiffs' claims are not subject to the automatic stay, see In re Atlas IT Export, LLC, 491 B.R. 192, 195 (1st Cir. BAP 2013), the Court will nevertheless stay these claims pending a determination by the Trustee in Bankruptcy as to whether to pursue this litigation.

IT IS, THEREFORE, ORDERED that this action is hereby STAYED for a period of thirty (30) days pending the filing of a status report by the Bankruptcy Trustee as to his or her determination regarding the prosecution of the claims asserted in this action. The Trustee's status report shall be filed within thirty (30) days of the entry of this Order.

IT IS FURTHER ORDERED that counsel for the Plaintiffs shall provide a copy of this Order to the Bankruptcy Trustee.

IT IS SO ORDERED. Signed: December 3, 2013

Martin Reidinger
United States District Judge